Case 4:10-cv-02129-FRB Document 3 Filed 11/24/10 Page 1 of 10

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

10SL-CC04008

| | |
|---|---|
| TODD CHRISTOPHER WELKER, ) | |
| Plaintiff, ) | |
| vs. ) | Cause No. |
| PANERA BREAD COMPANY, ) | Division No. |
| Serve: CSC-Lawyers Incorporating Service ) Registered Agent ) 221 Bolivar ) Jefferson City, MO 65101 ) | |
| Defendant. ) | |

## PETITION

COMES NOW Plaintiff, Todd Christopher Welker, by and through his undersigned counsel of record, and for his Petition against Defendant, Panera Bread Company (hereinafter "Panera" or "Defendant"), states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Todd Christopher Welker, is of legal age, capable of bringing this action, and currently resides at 9911 Lark Avenue, St. Louis County, Missouri.

2. Defendant Panera is a corporation created and existing pursuant to the laws of the State of Delaware, and is registered to conduct business and in good standing in the State of Missouri. Its corporate headquarters is located at 6710 Clayton Road, St. Louis County, Missouri.

1


EXHIBIT A

3. At all relevant times, Defendant Panera owned and operated a place of business known as Saint Louis Bread Company located at 9920 Kennerly Rd. St. Louis County, Missouri (hereinafter the "Tesson Ferry Store").

4. Jurisdiction and venue (pursuant to MO. REV. STAT. § 508.010.4) are proper in this Court as all of the parties hereto are residents of the State of Missouri, and the events giving rise to Plaintiff's damages first occurred in St. Louis County, Missouri.

## ALLEGATIONS COMMON TO ALL COUNTS

5. Mr. Welker began working for Panera in 2006, and remained continuously employed with Panera until his wrongful termination on October 19, 2009.

6. Mr. Welker had advanced to the position of Assistant manager at the Tesson Ferry Panera, which was the position he held at the time he was wrongfully terminated on October 19, 2009.

7. On October 15, 2009, Mr. Welker suffered a serious work-related injury to his right hip, which necessitated hip replacement surgery, during the course and scope of his employment at the Tesson Ferry Panera due to slipping on excessive ice that had collected in or near a freezer, which was supposed to have been cleared by a co-worker. Mr. Welker was in no way partially or totally at fault for this injury.

8. The alleged reason for Mr. Welker's wrongful termination from his employment as Assistant Manager at the Tesson Ferry Panera was complaints by subordinates regarding work scheduling.

9. Mr. Welker has at all times duly performed all the conditions of his employment until prevented from doing so by Defendant Panera through the acts and/or omissions of its officers, agents, and employees acting within the course and scope of their employment. Upon

2

clearance to work from his healthcare providers, Mr. Welker was and is ready, willing, and able to perform his job duties.

10. At the time of his termination, Mr. Welker was enrolled in certain health insurance plans provided and administered by Panera, and said health insurance was subject to the provisions of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA").

11. Pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1985 (hereinafter "COBRA"), Mr. Welker was entitled to make the choice as to whether or not he would continue health insurance coverage and, despite having the statutory obligation to provide Mr. Welker with notice of his right to continuation of coverage, Panera failed to provide him with said notice.

## COUNT I--WRONGFUL TERMINATION IN CONTRAVENTION OF PUBLIC POLICY

12. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 11 of this Petition as if fully set forth herein.

13. Mr. Welker's termination by Defendant Panera, through the acts and/or omissions of its officers, agents, and employees acting within the course and scope of their employment, was wrongful because it was in violation of the public policy of the State of Missouri, in that said termination was in preparation and retaliation for his anticipated filing of a worker's compensation claim, arising from his work-related injury on October 15, 2009, which he is lawfully and rightfully entitled to file pursuant to Chapter 287 of the Revised Statutes of the State of Missouri.

14. Defendant Panera's termination of Mr. Welker, through the acts and/or omissions of its officers, agents, and employees acting within the course and scope of their employment, was wrongful and in violation of the public policy of the State of Missouri as expressed in

3

Chapter 287 of the Revised Statutes of the State of Missouri and common law opinions construing that statutory regime specifically prohibiting any obstruction of or interference with the right to file a lawful worker's compensation claim.

15. As a direct, foreseeable, and proximate result of Mr. Welker being wrongfully terminated in violation of the public policy of the State of Missouri, Mr. Welker has suffered and continues to suffer substantial losses in earnings, bonuses, and job benefits, and expenses incurred in the search for comparable employment in an amount not less than $75,000, the precise amount of which will be proven at trial.

16. As a further direct and proximate result of Defendant Panera's unlawful conduct, Mr. Welker has suffered extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and depression, the extent of which is not fully known at this time, but will be proven along with the resultant damages at the time of trial.

17. Any reason proffered by Defendant Panera for Mr. Welker's wrongful termination other than in preparation and retaliation for his anticipated filing of a worker's compensation claim is purely pretextual and not causal in nature.

## COUNT II – BREACH OF CONTRACT

18. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 17 of this Petition as if fully set forth herein.

19. Mr. Welker was employed with Defendant Panera under a contract that was partly written, partly oral, and partly implied. The terms of the contract relied on by Mr. Welker included, but were not limited to:

    a. Written personnel policies providing that;

4

           i. If an employee was performing unsatisfactorily, the employee would be disciplined in accordance with Defendant employer's progressive disciplinary steps;

          ii. Employees would be treated fairly and in accordance with the laws of the State of Missouri;

    b. Mr. Welker had a contract of employment for so long as he performed his job in a satisfactory manner, and demotion or discharge could only be for good cause proven and then would be carried out only in accordance with the stated written policies of Defendant Panera.

20. Defendant Panera, through the acts and/or omissions of its officers, agents, and employees acting within the course and scope of their employment, breached its contract with Mr. Welker by:

    a. Refusing to give Mr. Welker the opportunity to succeed at his job;

    b. Failing to treat Mr. Welker in accordance with Defendant Panera stated policies;

    c. Terminating Mr. Welker in breach of the promises made to him; and

    d. Terminating Mr. Welker without following Defendant Panera's policies and practices.

21. Defendant Panera, through the acts and/or omissions of its officers, agents, and employees acting within the course and scope of their employment, has refused and continues to refuse to allow Mr. Welker the benefits of his employment contract and to perform under this contract in the agreed manner.

22. As a direct, foreseeable, and proximate result of the aforementioned breach, Mr. Welker has suffered and continues to suffer substantial losses in earnings, bonuses, and job benefits, and expenses incurred in the search for comparable employment in an amount not less than $75,000, the precise amount of which will be proven at trial.

5

23. As a further direct and proximate result of the aforementioned breach, Mr. Welker has suffered extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and depression, the extent of which is not fully known at this time, but will be proven along with the resultant damages at the time of trial.

**COUNT III - BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

24. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 23 of this Petition as if fully set forth herein.

25. As a result of the employment relationship that existed between Mr. Welker and Defendant Panera, the expressed and implied promises made in connection with that relationship, and the acts, conduct, and communications resulting in these implied promises, Defendant Panera, through the acts and/or omissions of its officers, agents, and employees acting within the course and scope of their employment, promised to act in good faith toward and deal fairly with Mr. Welker, which requires, among other things, that:

   a. Each party in the relationship must act with good faith toward the other concerning all matters related to the employment;

   b. Each party in the relationship must act with fairness toward the other concerning all matters related to the employment;

   c. Neither party would take any action to unfairly prevent the other from obtaining the benefits of the employment relationship;

   d. Defendant Panera would similarly treat employees who are similarly situated;

   e. Defendant Panera would comply with its own representations, rules, policies, and procedures in dealing with Mr. Welker;

   f. Defendant Panera would not terminate Mr. Welker without a fair and honest cause, regulated by good faith on Defendant Panera's part;

   g. Defendant Panera would not terminate Mr. Welker in an unfair manner; and

6

    h. Defendant Panera would give Mr. Welker's interests as much consideration as it gave its own interests.

26. Defendant Panera's termination of Mr. Welker, through the acts and/or omissions of its officers, agents, and employees acting within the course and scope of their employment, was wrongful, in bad faith, and unfair, and therefore a violation of Defendant Panera's legal duties. Mr. Welker further alleges Defendant Panera, through the acts and/or omissions of its officers, agents, and employees acting within the course and scope of their employment, breached the covenant of good faith and fair dealing when it:

    a. Refused to abide by its own policies when dealing with Mr. Welker;

    b. Unfairly prevented Mr. Welker from obtaining the benefits of his employment relationship;

    c. Treated similarly situated employees differently by imposing different responsibilities on them, by tolerating poor performance by other similarly situated employees, and tolerating actions of other similarly situated employees that were the pretextual and/or actual cause stated for Mr. Welker's wrongful termination;

    d. Terminated Mr. Welker's employment for false and/or pretextual reasons and in a manner that was inconsistent with Defendant employer's stated policies and practices.

27. Defendant Panera's breach of the covenant of good faith and fair dealing was a substantial factor in causing damage and injury to Mr. Welker.

28. As a direct, foreseeable, and proximate result of the aforementioned breach, Mr. Welker has suffered and continues to suffer substantial losses in earnings, bonuses, and job benefits, and expenses incurred in the search for comparable employment in an amount not less than $75,000, the precise amount of which will be proven at trial.

29. As a further direct and proximate result of the aforementioned breach, Mr. Welker has suffered extreme and severe anguish, humiliation, emotional distress, nervousness, tension,

7

anxiety, and depression, the extent of which is not fully known at this time, but will be proven along with the resultant damages at the time of trial.

### COUNT IV – PUNITIVE DAMAGES

30. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 29 of this Petition as if fully set forth herein.

31. Because the acts complained of in Counts I through III toward Mr. Welker were carried out by Panera's managerial employees acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage him, Mr. Welker requests the assessment of punitive damages against Defendant Panera in an amount appropriate to punish, make an example of, and otherwise deter Defendant Panera from engaging in similar conduct in the future.

### COUNT V – PENALTIES FOR VIOLATION OF 29 U.S.C. § 1166

32. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 31 of this Petition as if fully set forth herein.

33. Panera's wrongful termination of Mr. Welker on October 19, 2009 constituted a qualifying event under ERISA, thereby triggering certain notice provisions owed by the administrator of Panera's health insurance plan(s).

34. As Panera was both Mr. Welker's employer and the administrator of its health insurance plan(s) covered by ERISA, it was obligated to provide Mr. Welker with notice of his right to continue coverage within forty-four (44) days of his termination pursuant to 29 C.F.R. § 2590.606-4(b)(2) as codified at 29 U.S.C. § 1166(a)(4). This notification period expired on December 2, 2009.

35. Pursuant to 29 U.S.C. § 1132(c)(1), Mr. Welker is entitled to bring this private cause of action against Panera for its failure to provide the required statutory notice as described herein.

36. Furthermore, 29 U.S.C. § 1132(c)(1) permits the Court to impose a maximum penalty of $100 per day for each day past the expiration period described in paragraph 34 of this Petition, and for any other relief the Court deems just and proper under the circumstances.

37. Panera has failed to provide Mr. Welker with the statutorily-required notice of his right to continue health insurance coverage for over 300 days as of the time of filing this Petition, and such defiance of the statutory mandate embodied in 29 U.S.C. § 1166 warrants imposition of the maximum penalties available against Panera, and for Mr. Welker's reasonable attorney's fees incurred in pursuing this cause of action.

WHEREFORE Plaintiff., Todd Christopher Welker, prays this Court enter a judgment in his favor and against Defendant Panera on all Counts of his Petition for compensatory damages, including lost wages and benefits, damages for emotional distress, for punitive damages, for statutory penalties pursuant to 29 U.S.C. § 1132(c)(1) of $100 per day beginning from December 3, 2009 to the date Panera is deemed to have provided Plaintiff with the appropriate notice of COBRA coverage, for his attorney fees and costs of suit incurred herein, and for any other relief the Court deems just and proper under the circumstances.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS**

9

Respectfully submitted,

By: /s/ Keith Schiller

Keith J. Schiller, #48187
The Law Office of Keith Schiller, LLC
2 N. Meramec Ave.
St. Louis, Missouri 63105
Phone: (314) 435-
Fax: (314) 454-9110
kjschiller@sbcglobal.net

Attorneys for Plaintiff,
Todd Christopher Welker

10