UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TODD CHRISTOPHER WELKER,            )
                                    )
            Plaintiff,              )
                                    )
        v.                          )   No.  4:10CV2192 FRB
                                    )
PANERA BREAD COMPANY,               )
                                    )
            Defendant.              )

**MEMORANDUM AND ORDER**

Presently pending before the Court is defendant Panera Bread Company's Motion to Dismiss Count I of Plaintiff's Complaint (Doc. #8). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Todd Christopher Welker brought this action in the Circuit Court of St. Louis County, Missouri, in which he alleged that defendant Panera Bread Company wrongfully terminated his employment in violation of Missouri's Workers' Compensation Law, in violation of his contract of employment, and in violation of the covenant of good faith and fair dealing. Plaintiff seeks compensatory and punitive damages. Plaintiff also seeks statutory damages under 29 U.S.C. § 1132(c) for defendant's alleged violation of 29 U.S.C. § 1166, that part of the Employee Retirement Income Security Act (ERISA) which governs an employer's obligations to provide notice to a terminated employee of his right to continued

health plan coverage. Defendant removed the cause to this Court on November 23, 2010, invoking this Court's federal question jurisdiction over plaintiff's ERISA claim, and supplemental jurisdiction over plaintiff's state law claims.

In the instant motion, defendant seeks to dismiss plaintiff's workers' compensation/wrongful discharge claim pursuant to Fed. R. Civ. P. 12(b), for failure to state a claim upon which relief can be granted. Defendant contends that plaintiff's claim that defendant terminated his employment "in preparation and retaliation for his anticipated filing of a worker's compensation claim" fails to satisfy the elements of a retaliatory discharge claim under Missouri law and thus should be dismissed. Plaintiff has not responded to defendant's motion and the time for doing so has passed.

When reviewing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all factual allegations contained in the Complaint, and review the Complaint to determine whether its allegations show the pleader to be entitled to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007); Fed. R. Civ. P. 8(a)(2). The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the challenged claim. A claim must be dismissed under Rule 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S.

at 570 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While the Complaint need not provide specific facts in support of the claims contained therein, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), it "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555-56 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. When determining a motion to dismiss under Rule 12(b)(6), "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Against this backdrop, the undersigned determines plaintiff not to have plead sufficient facts to raise a right to relief as claimed in Count I of his Complaint.

Under Mo. Rev. Stat. § 287.780, an employee who has been discharged by his employer for exercising any of his rights under Missouri's Workers' Compensation Law may bring a civil action for damages against his employer. To prevail in an action for retaliatory discharge under Mo. Rev. Stat. § 287.780, the aggrieved

employee must prove: 1) his status as an employee of the defendant prior to the injury; 2) his exercise of a right granted by the Workers' Compensation Law; 3) the employer's discharge of plaintiff; and 4) an exclusive causal relationship between plaintiff's action and defendant's actions. Stephenson v. Raskas Dairy, Inc., 26 S.W.3d 209, 212 (Mo. Ct. App. 2000). Where a plaintiff cannot establish an element of a retaliatory discharge claim, a submissible case is not made and the claim must be dismissed. Id. at 214. When addressing claims brought under § 287.780, courts must look to the plain language of the statute. See Hayes v. Show Me Believers, Inc., 192 S.W.3d 706 (Mo. banc 2006).

In the instant motion, defendant contends that in Count I of the Complaint, plaintiff does not allege that he exercised any right under Missouri's Workers' Compensation Law, and thus has failed to satisfy the second element of retaliatory discharge. Defendant argues that plaintiff's allegation that his termination was done in retaliation for plaintiff's "anticipated" filing of a workers' compensation claim is insufficient to state a claim under Mo. Rev. Stat. § 287.780.

In Missouri, claims of retaliatory discharge for filing workers' compensation claims have been held actionable even where the employee had not yet filed a claim at the time his employment was terminated. See, e.g., Reed v. Sale Mem'l Hosp. & Clinic, 698

S.W.2d 931 (Mo. Ct. App. 1985) (no formal claim filed, but initiating action to obtain workers' compensation benefits after rejecting settlement offer is sufficient to invoke right under the Workers' Compensation Law); Wiedower v. ACF Indus., Inc., 715 S.W.2d 303 (Mo. Ct. App. 1986) (employer's knowledge of employee's contact with attorney to process compensation claim sufficient invocation of right under Workers' Compensation Law). In such instances, however, the employee had taken some affirmative action to exercise a right granted by the Workers' Compensation Law. In the instant case, however, plaintiff claims only that he was injured and that his employment was terminated four days later. "The injury-causing event is not an exercise of a right under the [Law]." St. Lawrence v. Trans World Airlines, Inc., 8 S.W.3d 143, 150 (Mo. Ct. App. 1999). Plaintiff makes no claim that he took any action to exercise a right under Missouri's Workers' Compensation Law. Inasmuch as plaintiff has failed to allege that he exercised a right granted by the Workers' Compensation Law, the claim raised in Count I of the Complaint fails to state a claim under Mo. Rev. Stat. § 287.780 and should be dismissed. Stephenson, 26 S.W.3d at 212.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Panera Bread Company's Motion to Dismiss Count I of Plaintiff's Complaint (Doc. #8) is **GRANTED.**

**IT IS FURTHER ORDERED** that Count I of plaintiff's Complaint is dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this _6th_ day of April, 2011.